FILED
2017 Mar-21  AM 09:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

# **EXHIBIT A**

# **ENTIRE STATE COURT RECORD**

ELECTRONICALLY FILED
3/1/2017 5:05 PM
01-CV-2017-900820.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93    Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case<br>01<br><br>Date of Filing:        Judge Code:<br>03/01/2017 |
|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### GEROGE MENSAH v. WILLIAM J SMITH ET AL

**First Plaintiff:** ☐ Business  ☑ Individual      **First Defendant:** ☐ Business  ☑ Individual
☐ Government  ☐ Other                              ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☑ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other:_____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING          A ☐ APPEAL FROM          O ☐ OTHER
                                               DISTRICT COURT

              R ☐ REMANDED               T ☐ TRANSFERRED FROM
                                               OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES  ☐ NO     **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**     ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

LOW020                        3/1/2017 5:05:08 PM                     /s/ CRAIG LYNDSEY LOWELL
_____                 _____                  _____
                              Date                                   Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**          ☐ YES  ☐ NO  ☑ UNDECIDED

ELECTRONICALLY FILED
9/1/2017 5:05 PM
01-CV-2017-900820.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **GEORGE MENSAH** ) | |
| ) | **CIVIL ACTION NO.:** |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **WILLIAM J. SMITH, RYDER TRUCK** ) | |
| **RENTAL, INC.; a corporation and** ) | |
| **fictitious party defendants as follows:** ) | |
| ) | |
| **Defendants.** ) | |

**Defendant No. 1**, whether singular or plural, intending to refer to the true name of that person, firm, corporation, or other entity who or which **owned, operated, maintained, and/or controlled the vehicle which collided with the vehicle in which Plaintiff was driving** on the date and occasion made the basis of this lawsuit;

**Defendant No. 2**, whether singular or plural, intending to refer to the true name of that person, firm, corporation, or other entity who or which **negligently and/or wantonly operated the vehicle which collided with the vehicle in with Plaintiff was driving** on the date and occasion made the basis of this lawsuit and **whose negligent and/or wanton operation was the proximate cause of the injuries sustained by Plaintiff**;

**Defendant No. 3-7**, whether singular or plural, intending to refer to the true name of that person, firm, corporation, or other entity or successor in interest who or which jointly, separately, and/or severally **negligently, wantonly, and/or wrongfully caused or contributed to cause the injuries of the Plaintiff** on the occasion made the basis of this lawsuit;

Plaintiff avers that the identity of the fictitious party defendant herein are otherwise unknown to the Plaintiff at this time or, if their names are known to the Plaintiff at this time, their identity as proper party defendants is not known to the Plaintiffs at this time, and their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained. Defendants.

### COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff and state claims against the Defendants as follows:

### PARTIES, JURISDICTION AND VENUE

1.      Plaintiff, George Mensah, is over the age of 19 and is a resident of Shelby

County, Alabama.

2.      Defendant, William J. Smith (hereinafter referred to "Smith") is over the age of 19 years and is a resident of McHenry County, Illinois.

3.      Defendant Ryder Truck Rental, Inc. (hereinafter referred to as "Ryder") is a Florida corporation doing business throughout the United States, including Jefferson County, Alabama

4.      Fictitious Defendants 1-7 inclusive, previously described in the caption of this complaint and made a part hereof as fully set out herein, are defendant's who are otherwise unknown to the Plaintiff but will be substituted by proper party when same is ascertained.

5.      At approximately 10:23 am on March 20, 2015, as Plaintiff drove through the intersection of 3rd Avenue South and 24th Street South in Birmingham Alabama and Jefferson County, Smith was driving a Ryder rental truck and was traveling down 3rd Avenue South and crossed over 24th Street South, failing to stop at the traffic light and colliding with the Plaintiff. Smith claims that the brakes on his rented Ryder Truck did not operate properly and Ryder negligently, willfully, and  wantonly failed to maintain the vehicle rented to Smith.

6.      As a proximate result of the Smith's negligent, willful, and/or wanton conduct this collision occurred and Plaintiff was injured as follows:

        a.      He was caused to suffer a back, neck and shoulder injury;

        b.      He was caused and will be caused in the future to expend sums of money in the nature of doctor, hospital, drug and other expenses in and about an effort to heal from his injuries;

        c.      He was caused to suffer potential permanent injuries to his body, including but not limited to, his back;

        d.      He was caused to suffer a reduction in income and his earning ability decreased during his recovery;

        e.      He was required to take prescription medication;

         f.      He was caused to incur pain and suffering.

## COUNT ONE
## (NEGLIGENCE AND/OR WANTONNESS)

7.      Plaintiff re-alleges those material averments contained in paragraphs 1-5

inclusive, by reference herein.

8.      Plaintiff alleges that Smith failed to exercise reasonable and ordinary care in the

operation of his vehicle in a negligent, willful, wanton, and/or reckless manner, this causing him

vehicle to collide with the vehicle occupied by the Plaintiff. Smith failed to act as a reasonably

prudent person would have in the operation of his vehicle by running a red light, thus causing

his vehicle to collide with the vehicle occupied by the Plaintiff. Smith failed to operate his

vehicle as a reasonably prudent person would have done under the same or similar

circumstances. Further, Smith acted with knowledge of the circumstances and with reckless

disregard of the consequences. Defendant Ryder negligently, willfully and wantonly failed to

maintain the brakes on the vehicle operated by Smith.

9.      Plaintiff further alleges that Smith, Ryder, and fictitious defendants 1-7 were

negligent, willful and/or wanton in at least, but not limited to the following:

      (a)      failure to exercise reasonable care in the operation and maintenance of the vehicle;

      (b)      operation of said vehicle is such negligent, wanton, and/or reckless fashion as to cause said vehicle to collide with the vehicle being driven by Plaintiff;

      (c)      failure to remain attentive to the roadway and traffic signs;

      (d)      failure to obey the Rules of the Road in accordance with the laws of Alabama.

10.      Smith and Ryder's conduct was negligent, willful, and/or wanton and conducted

and carried on with a reckless and/or conscious disregard of the rights or safety of others.

11.     As a proximate result of the negligence, willfulness and/or wantonness of Smith the Plaintiff suffered injuries.

**WHEREFORE, PREMISES CONSIDERED** Plaintiff demands judgment against Smith, Ryder, and fictitious defendants 1-7 for compensatory damages to fairly and reasonably compensate Plaintiff for his loss and injury sustained.

A.      Plaintiff demands compensatory damage to compensate for his injuries and other damages which have been inflicted upon his as a proximate result of the wrong complained of and set out in Count One above.

B.      Plaintiff demands compensation for physical pain and suffering; future pain and suffering; and mental anguish which have been inflicted upon him as a proximate result of the wrong complained of and set out in Count One above.

C.      Plaintiff demands damages for medical expenses for all reasonable expenses necessarily incurred for doctors' and medical bills which the Plaintiff has paid or become obligated to pay, and the amount of the reasonable expenses of medical care, treatment and services that may be required in the future as a proximate result of the wrong complained of and set out in Count One above.

D.      Plaintiff demands loss of earnings as a result of his loss of earning capacity, his loss of actual earnings, his inability to continue in the manner in which he ordinarily occupied his time before the injury, and his inability to pursue his occupation throughout the resulting injury and recovery of said injury. Plaintiff asks the jury to determine what he was reasonably certain to have earned during the time so lost, had he not been injured.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff further demands judgment against Smith, Ryder,  and fictitious defendants 1-7 for punitive damages or exemplary damages to allow recovery to the Plaintiff by way of punishment to the Defendants, and for the added purpose of protecting the public by deterring the Defendants and other from doing such wrong in the future. Plaintiff prays the jury be instructed to consider the character and degree of the wrong as shown by the evidence in the case and the necessity of preventing similar wrongs.

**RESPECTFULLY SUBMITTED**,


 /s/ Craig L.Lowell
Craig L. Lowell
Attorney for Plaintiff

**OF COUNSEL:**
**WIGGINS CHILDS PANTAZIS FISHER & GOLDFARB LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0500

**JURY DEMAND**

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | |
|---|---|
| **GEORGE MENSAH** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **WILLIAM J. SMITH, and RYDER** | ) |
| **TRUCK RENTAL, INC.** | ) |
| | ) |
| **Defendants.** | ) |

## PLAINTIFF'S INTERROGATORIES  TO DEFENDANT WILLIAM J. SMITH

COMES NOW the Plaintiff pursuant to Alabama Rule of Civil Procedure 33 and hereby propounds to the Defendant, William J. Smith, the following Interrogatories to be answered within the time allowed by ARCP 33(a).

(A)      These discovery requests are continuing in character so as to require you to file supplementary answers if you obtain additional or different information before trial.

(B)      If after conducting a reasonable investigation you cannot answer an Interrogatory, you should so state and answer to the extent that you can, stating what information you do have, what information you cannot provide and stating the efforts to locate and obtain the unknown information.

## DEFINITIONS

For the purposes of these Interrogatories and as used herein, unless otherwise specified, the following words shall have, and be construed with reference to, the following meanings and definitions:

A.      "Identify" when used in reference to a natural person shall mean to state his or her full name and current or last known residence address, current employer, and current business

[032099-0001/1873970/1]

address; when used with respect to a document (as hereinafter defined) "identify" means to state the date, subject or substance, author, all recipients, type of documents (e.g., letter, telegram, memorandum, computer printout, sound reproduction, chart, etc.), its present location, and the identity of each of its current custodians, and shall include documents (a) with respect to which a privilege is, or may be, claimed and (b) documents which have been destroyed, lost, misplaced or damaged.

B.      "Document" and "documents" shall mean all documents subject to discovery under the Alabama Rules of Civil Procedure, and shall include, without limitation, every original and non-identical copy of each and every paper, document (including blind copies), letter, telegram, teletype, telex, telecopy facsimile transmission, drawing, picture, photograph, negative, slide, movie, film, visual or audio transcription or record, memorandum, sketch, chart, report, note (including, but not limited to, notes used to prepare any letter, memorandum, report, or other document as herein defined), contract, agreement, change order, form, work sheet, memorandum or tape recording of telephone conversation or other conversation, witness (including, but not limited to, potential witness) interview, sound recording, sound recording transcription, engineering study, cross-section, plan, expert analysis, diary, journal, ledger, work memorandum, report of investigation and/or inspection, file memorandum, brochure, book, microfilm, tape, video tape, magnetic storage medium, exhibit, attachment, draft, certificate, chart, table, testimony, transcript of testimony, affidavit, printed or readable material, and any and all other means of storage and/or transmission of human intelligence.

C.      "Correspondence" shall mean any document carried by the United States Mail, the United States Postal Service, any private courier or courier service, or transferred or transmitted in any manner whatsoever.

[032099-0001/1873970/1]

D.      "You" or "your" shall mean any named Defendant, any fictitious Defendant and/or its affiliates, subsidiaries, its present or future officers, directors, agents, employees, and any other persons acting or purporting to act for or on its or its parents', affiliates' or subsidiaries' behalf.

E.      Person" or "individual" includes individuals, corporations, firms, sole proprietorships, partnerships, associations, trusts and governmental agencies, bodies and officials.

F.      "Facts" include, but are not limited to, events, transactions, and occurrences, the locations of such events, transactions, or occurrences, all of which concern (as hereinabove defined), or are concerned with, in any way whatsoever, directly or indirectly, the interrogatory subject.

G.      "Incident" shall mean the facts and circumstances giving rise to the allegations made the basis of this lawsuit.

H.      "Plaintiff" shall mean any named Plaintiff.

## **INTERROGATORIES**

1.      Is your legal name fully and correctly stated in the Summons and Complaint?

2.      If your answer to Interrogatory No. 1 is negative, then state the full legal and correct way that you should be designated as a party Plaintiff or a party Defendant in an action at law.

3.      At the time of the incident made the basis of this lawsuit, did you have a valid driver's license in more than one state? If so, please provide the following for each such license:

     a.    the state;
     b.    the license number; and
     c.    the date that the license was obtained.

[032099-0001/1873970/1]

4.     Identify whether you were alcohol or drug tested at any time as a result of the incident made the basis of Plaintiff's Complaint, including:

      a.   the type(s) of test(s);

      b.   the date(s) of such test(s);

      c.   the reason(s) for such test(s);

      d.   the identity of the entity or person that administered the test(s);

      e.   the identity of the custodian of the test(s); and

      f.   the result(s);

5.     At the time of the occurrence of the incident made the basis of this lawsuit, were there any policies or contracts of insurance which might be legally construed as extending or providing some coverage (whether primary or secondary or excess) to this Defendant for any portion of the damages claimed? If so, as to each such policy or contract, please state the following:

      a.   The name and address of each insurance company that wrote issued or stands responsible for any such policy;

      b.   Each named or additional insured person or party;

      c.   The limits of liability coverage of said policy.

6.     Has any insurance company refused to write you coverage, or terminated your coverage? If so, as to each such company, please state the following:

      a.   The name and address of each insurance company;

      b.   The dates on which the refusal or termination was given; and

      c.   The reasons given for the refusal or termination.

[032099-0001/1873970/1]

7.      Has anyone (including any third person or you or anyone acting on your behalf) taken a written or oral statement (whether signed or unsigned) from any person who may have knowledge of any discoverable matter which is or may be relevant to any claim or defense involved in the subject matter of the present action, whether on the issue of liability or damages? If so, please state:

      a.   The name, address and relationship to you of every person from whom any such statement was taken;

      b.   The name and address of the person (and his or her employer) who took any such statement from any such person;

      c.   The name and address of each person (and his or her employer) who presently has a copy of any such statement;

**NOTE:** With regard to your answer, Plaintiff is not asking that you produce documents that were prepared in anticipation of litigation or would possibly be subject to claims of work-product privilege. Since no such documents are requested, such objections would not apply.

8.      Detail each complaint and/or recommendation by any person or entity made about defects and needed repairs and maintenance of the vehicle for the six (6) month period prior to the collision.

9.      Please state the name, address and relationship to you of any and all persons who may have knowledge of any discoverable matter which is or may be relevant to the subject matter involved in this action, whether in relation to any claim or any defense involved in this action or whether on the issue of liability or damages.

**NOTE:** With regard to your answer to this question, please see Rule 26(e)(1)(A).

[032099-0001/1873970/1]

10.     If you expect to call an expert witness at trial, then as to each such expert, please state:

     a.  The name and address of each such expert and the name and address of any such expert's employer;

     b.  the relationship to you of each such expert;

     c.  the qualifications and/or experience of each such expert with regard to the subject matter on which such expert is expected to testify;

     d.  the subject matter on which each such expert is expected to testify;

     e.  the substance of the facts and opinions to which each such expert is expected to testify including a summary of the grounds or basis for each opinion.

11.     Describe completely and in detail every item of damage sustained by the vehicle involved in the incident made the basis of this lawsuit including the amount of said damage;

12.     State whether or not any of said damage was repaired and, if so, give the amount of each such repair bill and the name and address of the person, firm or corporation who made said repair(s).

13.     State specifically what portion of the vehicles in said incident made the basis of this lawsuit first came in contact with each other.

14.     Describe in detail and in chronological order your understanding of everything that happened to all vehicles involved in the incident made the basis of this lawsuit, including the vehicle occupied by Plaintiff, and the basis for your understanding.

15.     Have you been informed that you were answering these Interrogatories under oath, and that your answers may be used as evidence at trial?

16.     Do you contend that the Plaintiff contributed to the accident at issue?  If so, please state all reasons for this contention.

17.     State the number and provider for your mobile phone at the time of the accident made the basis of the Complaint in this matter.

18.     Provide the account, username, and password for any social media site for which you are a member, including but not limited to: Facebook, Twitter, Flickr, Yfrog, Picasa, MySpace, Google Plus, Youtube, Photobucket, Foursquare, Blogger, Plaxo, Orkut, and LinkedIn.

19.     Please state the name of any persons you have spoken to at Ryder and state the substance of all conversations.

 /s/ Craig L. Lowell
Craig L. Lowell (LOW 020)
Attorney for Plaintiffs

**OF COUNSEL**
WIGGINS, CHILDS, PANTAZIS, FISHER & GOLDFARB, LLC
The Kress Building
301 Nineteenth Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0500
Facsimile: (205) 254-1500

Archie Lamb
Archie Lamb & Associates
Post Office Box
Birmingham, Alabama   35201

**PLEASE SERVE WITH THE COMPLAINT**

[032099-0001/1873970/1]

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | |
|---|---|
| **GEORGE MENSAH** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **WILLIAM J. SMITH, and RYDER** | ) |
| **TRUCK RENTAL, INC.** | ) |
| | ) |
| **Defendants.** | ) |

**PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT WILLIAM J. SMITH**

COMES NOW the Plaintiff pursuant to Alabama Rule of Civil Procedure 34 and hereby requests the Defendant, William J. Smith, to produce the following documents or things within the time allowed by ARCP 34 (b)(1)(B).

(A)     These discovery requests are continuing in character so as to require you to file supplementary answers if you obtain additional or different information before trial.

(B)     If after conducting a reasonable investigation you cannot answer an Interrogatory, you should so state and answer to the extent that you can, stating what information you do have, what information you cannot provide and stating the efforts to locate and obtain the unknown information.

**DEFINITIONS**

For the purposes of this Request for Production and as used herein, unless otherwise specified, the following words shall have, and be construed with reference to, the following meanings and definitions:

1.     "Identify" when used in reference to a natural person shall mean to state his or her full name and current or last known residence address, current employer, and current business

[032099-0001/1873971/1]

address; when used with respect to a document (as hereinafter defined) "identify" means to state the date, subject or substance, author, all recipients, type of document (e.g., letter, telegram, memorandum, computer printout, sound reproduction, chart, etc.), its present location, and the identity of each of its current custodians, and shall include documents (a) with respect to which a privilege is, or may be, claimed and (b) documents which have been destroyed, lost, misplaced or damaged.

2.      "Document" and "documents" shall mean all documents subject to discovery under the Alabama Rules of Civil Procedure, and shall include, without limitation, every original and non-identical copy of each and every paper, document (including blind copies), letter, telegram, teletype, telex, telecopy facsimile transmission, drawing, picture, photograph, negative, slide, movie, film, visual or audio transcription or record, memorandum, sketch, chart, report, note (including, but not limited to, notes used to prepare any letter, memorandum, report, or other document as herein defined), contract, agreement, change order, form, work sheet, memorandum or tape recording of telephone conversation or other conversation, witness (including, but not limited to, potential witness) interview, sound recording, sound recording transcription, engineering study, cross-section, plan, expert analysis, diary, journal, ledger, work memorandum, report of investigation and/or inspection, file memorandum, brochure, book, microfilm, tape, video tape, magnetic storage medium, exhibit, attachment, draft, certificate, chart, table, testimony, transcript of testimony, affidavit, printed or readable material, and any and all other means of storage and/or transmission of human intelligence.

3.      "Correspondence" shall mean any document carried by the United States Mail, the United States Postal Service, any private courier or courier service, or transferred or transmitted in any manner whatsoever.

[032099-0001/1873971/1]

4.      "You" or "your" shall mean any named Defendant, any fictitious Defendant and/or its affiliates, subsidiaries, its present or future officers, directors, agents, employees, and any other persons acting or purporting to act for or on its or its parents', affiliates' or subsidiaries behalf.

5.      Person" or "individual" includes individuals, corporations, firms, sole proprietorships, partnerships, associations, trusts and governmental agencies, bodies and officials.

6.      "Facts" include, but are not limited to, events, transactions, and occurrences, the locations of such events, transactions, or occurrences, all of which concern (as hereinabove defined), or are concerned with, in any way whatsoever, directly or indirectly, the interrogatory subject.

7.      "Incident" shall mean the facts and circumstances giving rise to the allegations made the basis of this lawsuit.

8.      "Plaintiff" shall mean any named Plaintiffs.

9.       "On-board data recording device" shall mean any engine data recording device, electronic control module or unit(ECM/ECU), traditional or computerized tachograph, radar collision warning system, transponder, log management system, paperless log system, electronic logbook management system, data logging or any other similar type system used to compile data.

## **REQUESTS FOR PRODUCTION**

1.      All documents identified in your answers to Interrogatories.

2.      Produce for inspection and copying any and all documents pertaining to any expert employed on your behalf in the lawsuit. Produce for inspection and copying said expert's entire file relating to the above-captioned case, including, but not limited to, any and all records,

handwritten notes, calculations, results of research and investigation, records, reports, correspondence, memoranda, questionnaires, testing and testing results, photographs, video tapes, diagrams, charts, bills rendered and statements of charges, as well as any and all other materials in his possession pertaining to his evaluation of the incident made the basis of the lawsuit.

3.     Produce for inspection and copying any accident report created related to any traffic accident you have been involved in within the last 10 years.

4.     Produce for inspection and copying any records of current automobile insurance policies you hold, along with any automobile insurance claims you have filed within the last 10 years.

5.     Produce for inspection and copying any and all photographs taken or made by you or on your behalf, or in your possession, relating to the incident made the basis of the lawsuit.

6.     Produce for inspection and copying any and all valid driver's licenses that you possess.

7.     Produce for inspection and copying a list of any and all persons from whom written or oral statements have been taken by you or on your behalf. Plaintiff is not asking that you produce documents that were prepared in anticipation of litigation or would possibly be subject to claims of work-product privilege. Since no such documents are requested, such objections would not apply.

8.     Produce for inspection and copying any and all documents generated or used by you as a result of the wreck made the basis of the lawsuit. This request includes, but is not limited to, accident packages, pictures, witness statement forms, driver statement forms, waiver

of liability forms, accident and incident forms, or any other documents created by the driver involved in the incident made the basis of the lawsuit.

9.      Produce for inspection and copying any and all documents generated or used by on-board data recording devices.

10.     Produce for inspection and copying any and all photographs, drawings, and diagrams of the scene and vehicles involved in the collision.

11.     Produce for inspection and copying any and all wrecker or tow truck records.

12.     Produce for inspection and copying the registration and title to your vehicle.

13.     Produce for inspection and copying any and all signed or unsigned statements of any kind or character taken by you or on your behalf from any plaintiff.

14.     Produce for inspection and copying any and all exhibits, documents, articles or things that you intend to offer or use in the trial of this case to demonstrate, illustrate, aid or assist the testimony of any witnesses, including models or facsimiles or subjects or articles.

15.     All electronically stored information on any social media site for which you have a username or are a member, including but not limited to: Facebook, Twitter, Flickr, Yfrog, Picasa, MySpace, Google Plus, Youtube, Photobucket, Foursquare, Blogger, Plaxo, Orkut, and LinkedIn. For each applicable media site please produce the following:

   a.   All photographs, wall posts, tweets and messages;

   b.   For Facebook, please produce an "enhanced archive" copy of your Facebook data.

        *__Note:__ Instructions on how to download an enhanced archive copy of Facebook data is attached as Exhibit A.

16.     Produce the entire insurance file for the incident made the basis of this lawsuit.

17.     Produce a copy of your mobile telephone records from twenty-four (24) hours

prior to the accident, through the time of the accident made the basis of this lawsuit.

18.     Please produce all agreements with Ryder for the vehicle you were driving.

19.     Please produce all correspondence you have had with Ryder.

 /s/ Craig L. Lowell
Craig L. Lowell (LOW 020)
Attorney for Plaintiffs

**OF COUNSEL**
WIGGINS, CHILDS, PANTAZIS, FISHER & GOLDFARB, LLC
The Kress Building
301 Nineteenth Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0500
Facsimile: (205) 254-1500

**PLEASE SERVE WITH THE COMPLAINT**

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | |
|---|---|
| **GEORGE MENSAH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| **WILLIAM J. SMITH and  RYDER TRUCK** | ) |
| **RENTAL, INC.** | ) |
| | ) |
| **Defendants,** | ) |

**PLAINTIFF'S COMBINED FIRST INTERROGATORIES AND
REQUESTS FOR PRODUCTION TO DEFENDANT
<u>RYDER TRUCK RENTAL, INC</u>**

COMES NOW Plaintiff, by and through the undersigned counsel of record, propounds the following combined First Interrogatories and Requests for Production upon Defendant Ryder Truck Rental, Inc. ("Ryder" or "Defendant").

<u>**DEFINITIONS**</u>

For the purposes of these Combined First Interrogatories and Requests for Production and as used herein, unless otherwise specified, the following words shall have, and be construed with reference to, the following meanings and definitions:

1.      "Identify" when used in reference to a natural person shall mean to state his or her full name and current or last known residence address, current employer, and current business address; when used with respect to a document (as hereinafter defined) "identify" means to state the date, subject or substance, author, all recipients, type of document (e.g., letter, telegram, memorandum, computer printout, sound reproduction, chart, etc.), its present location, and the identity of each of its current custodians, and shall include documents (a) with respect to which a privilege is, or may be, claimed and (b) documents which have been destroyed, lost, misplaced or damaged.

2.      "Document" and "documents" shall mean all documents subject to discovery under the Alabama Rules of Civil Procedure, and shall include, without limitation, every original and non-identical copy of each and every paper, document (including blind copies), letter, telegram, teletype, telex, telecopy facsimile transmission, drawing, picture, photograph, negative, slide, movie, film, visual or audio transcription or record, memorandum, sketch, chart, report, note (including, but not limited to, notes used to prepare any letter, memorandum, report, or other document as herein defined), contract, agreement, change order, form, work sheet, memorandum or tape recording of telephone conversation or other conversation, witness (including, but not limited to, potential witness) interview, sound recording, sound recording transcription, engineering study, cross-section, plan, expert analysis, diary, journal, ledger, work memorandum, report of investigation and/or inspection, file memorandum, brochure, book, microfilm, tape, video tape, magnetic storage medium, exhibit, attachment, draft, certificate, chart, table, testimony, transcript of testimony, affidavit, printed or readable material, and any and all other means of storage and/or transmission of human intelligence.

3.      "Correspondence" shall mean any document carried by the United States Mail, the United States Postal Service, any private courier or courier service, or transferred or transmitted in any manner whatsoever.

4.      "You" or "your" shall mean Ryder Truck Rental , Inc. and/or its affiliates, subsidiaries, its present or future officers, directors, agents, employees, and any other persons acting or purporting to act for or on its or its parents', affiliates' or subsidiaries behalf.

5.      Person" or "individual" includes individuals, corporations, firms, sole proprietorships, partnerships, associations, trusts and governmental agencies, bodies and officials.

2

6.      "Facts" include, but are not limited to, events, transactions, and occurrences, the locations of such events, transactions, or occurrences, all of which concern (as hereinabove defined), or are concerned with, in any way whatsoever, directly or indirectly, the interrogatory subject.

7.      "Incident" shall mean the facts and circumstances giving rise to the allegations made the basis of this lawsuit.

8.      "Plaintiff" shall mean any named Plaintiffs.

9.       "On-board data recording device" shall mean any engine data recording device, electronic control module or unit(ECM/ECU), traditional or computerized tachograph, radar collision warning system, transponder, log management system, paperless log system, electronic logbook management system, data logging or any other similar type system used to compile data.

## DISCOVERY REQUESTS

1.      Please state this Defendant's name correctly and/or the correct way this Defendant should be designated as a party defendant in an action at law (at the time of the occurrence made the basis of this suit and at the time these interrogatories were answered.)

2.      Please list all employees who performed maintenance on the truck rented by Ryder, VIN No. 3ALACWDT6EDFT7450 (hereinafter referred to as "the truck").  For each, person listed, provide name, address, phone number, and current employment status.

3.      Please produce any and all manuals, guides, or training books regarding maintenance on rental trucks.

4.      Please produce all maintenance records and inspections for the truck for the two (2) years prior to the accident complained of in the Complaint.

5.      Please produce all contracts for rental of the truck for the sixty (60) days prior to

3

the accident complained of in the Complaint including the rental be Defendant Smith.

6.      Please produce any and all documents regarding any investigation conducted by you investigating the incident in the Complaint.  This would include all photos, statements, conclusions or documents of any type.

7.      Please list all lawsuits where you have been a party from 2003 to the present where failure to properly maintain your vehicle has been at issue.

8.      Please produce copies of all insurance policies which may provide coverage for the incident described in the Complaint.

9.      Please list each and every witness who may have knowledge of the facts listed in the Complaint.

10.      Please list each and every expert witness you intend to call in this case.  For each, please list the opinions he/she intends to give and the facts upon which he/she bases their opinions.

11.      Please produce all photographs you have in your possession of the truck at issue in this case.

12.      Please produce any and all employee manuals and/or procedure manuals by any name that were in place at the time of the incident complained of.

Respectfully Submitted,

/s/Craig L. Lowell
Craig L. Lowell (LOW020)
Attorney for Plaintiff


**OF COUNSEL**:

4

WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 Nineteenth Street North
Birmingham, Alabama  35203


**PLEASE  SERVE  WITH  COMPLAINT**



AlaFile E-Notice

01-CV-2017-900820.00

To:  CRAIG LYNDSEY LOWELL
     clowell@wigginschilds.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GEROGE MENSAH V. WILLIAM J SMITH ET AL
01-CV-2017-900820.00

The following complaint was FILED on 3/1/2017 5:05:25 PM

Notice Date:       3/1/2017 5:05:25 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-900820.00

To:  WILLIAM J SMITH
     2090 HASSELL ROAD
     APT. 305
     HOFFMAN ESTATES, IL, 60169

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GEROGE MENSAH V. WILLIAM J SMITH ET AL
01-CV-2017-900820.00

The following complaint was FILED on 3/1/2017 5:05:25 PM

Notice Date:     3/1/2017 5:05:25 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-900820.00

To:   RYDER TRUCK RENTAL
      C/O CORPORATE CREATIONS
      6 OFFICE PARK CIRCLE #100
      MOUNTAIN BROOK, AL, 35223

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GEROGE MENSAH V. WILLIAM J SMITH ET AL
01-CV-2017-900820.00

The following complaint was FILED on 3/1/2017 5:05:25 PM

Notice Date:      3/1/2017 5:05:25 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>01-CV-2017-900820.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY
### GEROGE MENSAH V. WILLIAM J SMITH ET AL

WILLIAM J SMITH, 2090 HASSELL ROAD APT. 305, HOFFMAN ESTATES, IL 60169

NOTICE TO _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY CRAIG LYNDSEY LOWELL

WHOSE ADDRESS IS 301 19TH STREET NORTH, BIRMINGHAM, AL 35203

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   GEROGE MENSAH
pursuant to the Alabama Rules of the Civil Procedure

Date   3/1/2017 5:05:25 PM        /s/ ANNE-MARIE ADAMS
_____        _____
                                  Clerk/Register

JEFFERSON COUNTY, ALABAMA

716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL 35203

☑ Certified Mail is hereby requested        /s/ CRAIG LYNDSEY LOWELL
                                            _____
                                            Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____
                                                                              (Date)

_____        _____        _____
Date                            Server's Signature               Address of Server

_____        _____        _____
Type of Server                  Server's Printed Name            

                                                                 _____
                                                                 Phone Number of Server

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>01-CV-2017-900820.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY
### GEROGE MENSAH V. WILLIAM J SMITH ET AL

RYDER TRUCK RENTAL, C/O CORPORATE CREATIONS 6 OFFICE PARK CIRCLE #100, MOUNTAIN BROOK, AL 35223

NOTICE TO _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY CRAIG LYNDSEY LOWELL

WHOSE ADDRESS IS 301 19TH STREET NORTH, BIRMINGHAM, AL 35203

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   GEROGE MENSAH
pursuant to the Alabama Rules of the Civil Procedure

Date   3/1/2017 5:05:25 PM      /s/ ANNE-MARIE ADAMS

Clerk/Register

JEFFERSON COUNTY, ALABAMA

716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL 35203

☑ Certified Mail is hereby requested      /s/ CRAIG LYNDSEY LOWELL

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____
(Date)

_____          _____          _____
Date                             Server's Signature               Address of Server

_____          _____          _____
Type of Server                   Server's Printed Name             _____
                                                                   Phone Number of Server



# NOTICE TO CLERK

### REQUIREMENTS FOR COMPLETING SERVICE BY
### CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
GEROGE MENSAH V. WILLIAM J SMITH ET AL

01-CV-2017-900820.00

To: CLERK BIRMINGHAM
    clerk.birmingham@alacourt.gov

TOTAL POSTAGE PAID: $16.26

Parties to be served by Certified Mail - Return Receipt Requested

WILLIAM J SMITH                                             Postage: $8.13
2090 HASSELL ROAD
APT. 305
HOFFMAN ESTATES, IL 60169

RYDER TRUCK RENTAL                                          Postage: $8.13
C/O CORPORATE CREATIONS
6 OFFICE PARK CIRCLE #100
MOUNTAIN BROOK, AL 35223

Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested

Parties to be served by First Class Mail

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee

$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)           $
☐ Return Receipt (electronic)         $            Postmark
☐ Certified Mail Restricted Delivery  $            Here
☐ Adult Signature Required            $
☐ Adult Signature Restricted Delivery $

Postage
$        CV2017  900820  S/C D1
Total Postage and Fees
$
Sent To     William J Smith
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

7016 7821 8111
0000 0000 0340
7016

---

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   WILLIAM J SMITH
   2090 HASSELL ROAD
   APT. 305
   HOFFMAN ESTATES, IL 60169

   CV2017  900820  S/C D1

   9590 9402 2179 6193 7047 64

2. Article Number *(Transfer from service label)*

   7016 0340 0000 7821 8111

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee
B. Received by *(Printed Name)*      C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type                          ☐ Priority Mail Express®
☐ Adult Signature                        ☐ Registered Mail™
☐ Adult Signature Restricted Delivery    ☐ Registered Mail Restricted Delivery
☐ Certified Mail®                        
☐ Certified Mail Restricted Delivery     ☐ Return Receipt for Merchandise
☐ Collect on Delivery                    ☐ Signature Confirmation™
☐ Collect on Delivery Restricted Delivery ☐ Signature Confirmation Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

7016 0340 0000 7821 8128

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$   CV2017 900820 SC DS

Total Postage and Fees
$

Sent To   Ryder Truck Rental

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
   RYDER TRUCK RENTAL
   C/O CORPORATE CREATIONS
   6 OFFICE PARK CIRCLE #100
   MOUNTAIN BROOK, AL 35223

CV2017 900820 SC DS

9590 9402 2179 6193 7047 57

2. Article Number (Transfer from service label)
   7016 0340 0000 7821 8128

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

ELECTRONICALLY FILED
3/8/2017 2:53 PM
01-CV-2017-900820.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **GEORGE MENSAH** | ) |
| | )   **CIVIL ACTION NO.:** |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Cv-2017-900820** |
| | ) |
| **WILLIAM J. SMITH, RYDER TRUCK** | ) |
| **RENTAL, INC.; a corporation and** | ) |
| **fictitious party defendants as follows:** | ) |
| | ) |
| **Defendants.** | ) |

**Defendant No. 1**, whether singular or plural, intending to refer to the true name of that person, firm, corporation, or other entity who or which **owned, operated, maintained, and/or controlled the vehicle which collided with the vehicle in which Plaintiff was driving** on the date and occasion made the basis of this lawsuit;

**Defendant No. 2**, whether singular or plural, intending to refer to the true name of that person, firm, corporation, or other entity who or which **negligently and/or wantonly operated the vehicle which collided with the vehicle in with Plaintiff was driving** on the date and occasion made the basis of this lawsuit and **whose negligent and/or wanton operation was the proximate cause of the injuries sustained by Plaintiff**;

**Defendant No. 3-7**, whether singular or plural, intending to refer to the true name of that person, firm, corporation, or other entity or successor in interest who or which jointly, separately, and/or severally **negligently, wantonly, and/or wrongfully caused or contributed to cause the injuries of the Plaintiff** on the occasion made the basis of this lawsuit;

Plaintiff avers that the identity of the fictitious party defendant herein are otherwise unknown to the Plaintiff at this time or, if their names are known to the Plaintiff at this time, their identity as proper party defendants is not known to the Plaintiffs at this time, and their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained. Defendants.

## COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff and state claims against the Defendants as follows:

### PARTIES, JURISDICTION AND VENUE

1.    Plaintiff, George Mensah, is over the age of 19 and is a resident of Shelby

County, Alabama.

2.      Defendant, William J. Smith (hereinafter referred to "Smith") is over the age of 19 years and is a resident of McHenry County, Illinois.

3.      Defendant Ryder Truck Rental, Inc. (hereinafter referred to as "Ryder") is a Florida corporation doing business throughout the United States, including Jefferson County, Alabama

4.      Fictitious Defendants 1-7 inclusive, previously described in the caption of this complaint and made a part hereof as fully set out herein, are defendant's who are otherwise unknown to the Plaintiff but will be substituted by proper party when same is ascertained.

5.      At approximately 10:23 am on March 20, 2015, as Plaintiff drove through the intersection of 3rd Avenue South and 24th Street South in Birmingham Alabama and Jefferson County, Smith was driving a Ryder rental truck and was traveling down 3rd Avenue South and crossed over 24th Street South, failing to stop at the traffic light and colliding with the Plaintiff. Smith claims that the brakes on his rented Ryder Truck did not operate properly and Ryder negligently, willfully, and  wantonly failed to maintain the vehicle rented to Smith.

6.      As a proximate result of the Smith's negligent, willful, and/or wanton conduct this collision occurred and Plaintiff was injured as follows:

> a.      He was caused to suffer a back, neck and shoulder injury;
>
> b.      He was caused and will be caused in the future to expend sums of money in the nature of doctor, hospital, drug and other expenses in and about an effort to heal from his injuries;
>
> c.      He was caused to suffer potential permanent injuries to his body, including but not limited to, his back;
>
> d.      He was caused to suffer a reduction in income and his earning ability decreased during his recovery;
>
> e.      He was required to take prescription medication;

f.      He was caused to incur pain and suffering.

## COUNT ONE
## (NEGLIGENCE AND/OR WANTONNESS)

7.      Plaintiff re-alleges those material averments contained in paragraphs 1-5 inclusive, by reference herein.

8.      Plaintiff alleges that Smith failed to exercise reasonable and ordinary care in the operation of his vehicle in a negligent, willful, wanton, and/or reckless manner, this causing him vehicle to collide with the vehicle occupied by the Plaintiff. Smith failed to act as a reasonably prudent person would have in the operation of his vehicle by running a red light, thus causing his vehicle to collide with the vehicle occupied by the Plaintiff. Smith failed to operate his vehicle as a reasonably prudent person would have done under the same or similar circumstances. Further, Smith acted with knowledge of the circumstances and with reckless disregard of the consequences. Defendant Ryder negligently, willfully and wantonly failed to maintain the brakes on the vehicle operated by Smith.

9.      Plaintiff further alleges that Smith, Ryder, and fictitious defendants 1-7 were negligent, willful and/or wanton in at least, but not limited to the following:

> (a)    failure to exercise reasonable care in the operation and maintenance of the vehicle;
>
> (b)     operation of said vehicle is such negligent, wanton, and/or reckless fashion as to cause said vehicle to collide with the vehicle being driven by Plaintiff;
>
> (c)    failure to remain attentive to the roadway and traffic signs;
>
> (d)    failure to obey the Rules of the Road in accordance with the laws of Alabama.

10.     Smith and Ryder's conduct was negligent, willful, and/or wanton and conducted and carried on with a reckless and/or conscious disregard of the rights or safety of others.

11.     As a proximate result of the negligence, willfulness and/or wantonness of Smith the Plaintiff suffered injuries.

**WHEREFORE, PREMISES CONSIDERED** Plaintiff demands judgment against Smith, Ryder, and fictitious defendants 1-7 for compensatory damages to fairly and reasonably compensate Plaintiff for his loss and injury sustained.

A.      Plaintiff demands compensatory damage to compensate for his injuries and other damages which have been inflicted upon his as a proximate result of the wrong complained of and set out in Count One above.

B.      Plaintiff demands compensation for physical pain and suffering; future pain and suffering; and mental anguish which have been inflicted upon him as a proximate result of the wrong complained of and set out in Count One above.

C.      Plaintiff demands damages for medical expenses for all reasonable expenses necessarily incurred for doctors' and medical bills which the Plaintiff has paid or become obligated to pay, and the amount of the reasonable expenses of medical care, treatment and services that may be required in the future as a proximate result of the wrong complained of and set out in Count One above.

D.      Plaintiff demands loss of earnings as a result of his loss of earning capacity, his loss of actual earnings, his inability to continue in the manner in which he ordinarily occupied his time before the injury, and his inability to pursue his occupation throughout the resulting injury and recovery of said injury. Plaintiff asks the jury to determine what he was reasonably certain to have earned during the time so lost, had he not been injured.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff further demands judgment against Smith, Ryder,  and fictitious defendants 1-7 for punitive damages or exemplary damages to allow recovery to the Plaintiff by way of punishment to the Defendants, and for the added purpose of protecting the public by deterring the Defendants and other from doing such wrong in the future. Plaintiff prays the jury be instructed to consider the character and degree of the wrong as shown by the evidence in the case and the necessity of preventing similar wrongs.

**RESPECTFULLY SUBMITTED**,


                                       /s/ Craig L.Lowell
                                         Craig L. Lowell
                                         Attorney for Plaintiff

<u>**OF COUNSEL:**</u>
**WIGGINS CHILDS PANTAZIS FISHER & GOLDFARB LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0500

**JURY DEMAND**

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | |
|---|---|
| **GEORGE MENSAH** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) Cv-2017-900820 |
| | ) |
| **WILLIAM J. SMITH, and RYDER** | ) |
| **TRUCK RENTAL, INC.** | ) |
| | ) |
| **Defendants.** | ) |

**PLAINTIFF'S INTERROGATORIES  TO DEFENDANT WILLIAM J. SMITH**

COMES NOW the Plaintiff pursuant to Alabama Rule of Civil Procedure 33 and hereby propounds to the Defendant, William J. Smith, the following Interrogatories to be answered within the time allowed by ARCP 33(a).

(A)     These discovery requests are continuing in character so as to require you to file supplementary answers if you obtain additional or different information before trial.

(B)     If after conducting a reasonable investigation you cannot answer an Interrogatory, you should so state and answer to the extent that you can, stating what information you do have, what information you cannot provide and stating the efforts to locate and obtain the unknown information.

**DEFINITIONS**

For the purposes of these Interrogatories and as used herein, unless otherwise specified, the following words shall have, and be construed with reference to, the following meanings and definitions:

A.     "Identify" when used in reference to a natural person shall mean to state his or her full name and current or last known residence address, current employer, and current business

address; when used with respect to a document (as hereinafter defined) "identify" means to state the date, subject or substance, author, all recipients, type of documents (e.g., letter, telegram, memorandum, computer printout, sound reproduction, chart, etc.), its present location, and the identity of each of its current custodians, and shall include documents (a) with respect to which a privilege is, or may be, claimed and (b) documents which have been destroyed, lost, misplaced or damaged.

B.      "Document" and "documents" shall mean all documents subject to discovery under the Alabama Rules of Civil Procedure, and shall include, without limitation, every original and non-identical copy of each and every paper, document (including blind copies), letter, telegram, teletype, telex, telecopy facsimile transmission, drawing, picture, photograph, negative, slide, movie, film, visual or audio transcription or record, memorandum, sketch, chart, report, note (including, but not limited to, notes used to prepare any letter, memorandum, report, or other document as herein defined), contract, agreement, change order, form, work sheet, memorandum or tape recording of telephone conversation or other conversation, witness (including, but not limited to, potential witness) interview, sound recording, sound recording transcription, engineering study, cross-section, plan, expert analysis, diary, journal, ledger, work memorandum, report of investigation and/or inspection, file memorandum, brochure, book, microfilm, tape, video tape, magnetic storage medium, exhibit, attachment, draft, certificate, chart, table, testimony, transcript of testimony, affidavit, printed or readable material, and any and all other means of storage and/or transmission of human intelligence.

C.      "Correspondence" shall mean any document carried by the United States Mail, the United States Postal Service, any private courier or courier service, or transferred or transmitted in any manner whatsoever.

[032099-0001/1873970/1]

D.      "You" or "your" shall mean any named Defendant, any fictitious Defendant and/or its affiliates, subsidiaries, its present or future officers, directors, agents, employees, and any other persons acting or purporting to act for or on its or its parents', affiliates' or subsidiaries' behalf.

E.      Person" or "individual" includes individuals, corporations, firms, sole proprietorships, partnerships, associations, trusts and governmental agencies, bodies and officials.

F.      "Facts" include, but are not limited to, events, transactions, and occurrences, the locations of such events, transactions, or occurrences, all of which concern (as hereinabove defined), or are concerned with, in any way whatsoever, directly or indirectly, the interrogatory subject.

G.      "Incident" shall mean the facts and circumstances giving rise to the allegations made the basis of this lawsuit.

H.      "Plaintiff" shall mean any named Plaintiff.

## **INTERROGATORIES**

1.      Is your legal name fully and correctly stated in the Summons and Complaint?

2.      If your answer to Interrogatory No. 1 is negative, then state the full legal and correct way that you should be designated as a party Plaintiff or a party Defendant in an action at law.

3.      At the time of the incident made the basis of this lawsuit, did you have a valid driver's license in more than one state? If so, please provide the following for each such license:

    a.  the state;
    b.  the license number; and
    c.  the date that the license was obtained.

[032099-0001/1873970/1]

4.      Identify whether you were alcohol or drug tested at any time as a result of the incident made the basis of Plaintiff's Complaint, including:

      a.   the type(s) of test(s);

      b.   the date(s) of such test(s);

      c.   the reason(s) for such test(s);

      d.   the identity of the entity or person that administered the test(s);

      e.   the identity of the custodian of the test(s); and

      f.   the result(s);

5.      At the time of the occurrence of the incident made the basis of this lawsuit, were there any policies or contracts of insurance which might be legally construed as extending or providing some coverage (whether primary or secondary or excess) to this Defendant for any portion of the damages claimed? If so, as to each such policy or contract, please state the following:

      a.      The name and address of each insurance company that wrote issued or stands responsible for any such policy;

      b.      Each named or additional insured person or party;

      c.      The limits of liability coverage of said policy.

6.      Has any insurance company refused to write you coverage, or terminated your coverage? If so, as to each such company, please state the following:

      a.      The name and address of each insurance company;

      b.      The dates on which the refusal or termination was given; and

      c.      The reasons given for the refusal or termination.

[032099-0001/1873970/1]

7.      Has anyone (including any third person or you or anyone acting on your behalf) taken a written or oral statement (whether signed or unsigned) from any person who may have knowledge of any discoverable matter which is or may be relevant to any claim or defense involved in the subject matter of the present action, whether on the issue of liability or damages? If so, please state:

     a.  The name, address and relationship to you of every person from whom any such statement was taken;

     b.  The name and address of the person (and his or her employer) who took any such statement from any such person;

     c.  The name and address of each person (and his or her employer) who presently has a copy of any such statement;

**NOTE:** With regard to your answer, Plaintiff is not asking that you produce documents that were prepared in anticipation of litigation or would possibly be subject to claims of work-product privilege. Since no such documents are requested, such objections would not apply.

8.      Detail each complaint and/or recommendation by any person or entity made about defects and needed repairs and maintenance of the vehicle for the six (6) month period prior to the collision.

9.      Please state the name, address and relationship to you of any and all persons who may have knowledge of any discoverable matter which is or may be relevant to the subject matter involved in this action, whether in relation to any claim or any defense involved in this action or whether on the issue of liability or damages.

**NOTE:** With regard to your answer to this question, please see Rule 26(e)(1)(A).

[032099-0001/1873970/1]

10.     If you expect to call an expert witness at trial, then as to each such expert, please state:

     a.  The name and address of each such expert and the name and address of any such expert's employer;

     b.  the relationship to you of each such expert;

     c.  the qualifications and/or experience of each such expert with regard to the subject matter on which such expert is expected to testify;

     d.  the subject matter on which each such expert is expected to testify;

     e.  the substance of the facts and opinions to which each such expert is expected to testify including a summary of the grounds or basis for each opinion.

11.     Describe completely and in detail every item of damage sustained by the vehicle involved in the incident made the basis of this lawsuit including the amount of said damage;

12.     State whether or not any of said damage was repaired and, if so, give the amount of each such repair bill and the name and address of the person, firm or corporation who made said repair(s).

13.     State specifically what portion of the vehicles in said incident made the basis of this lawsuit first came in contact with each other.

14.     Describe in detail and in chronological order your understanding of everything that happened to all vehicles involved in the incident made the basis of this lawsuit, including the vehicle occupied by Plaintiff, and the basis for your understanding.

15.     Have you been informed that you were answering these Interrogatories under oath, and that your answers may be used as evidence at trial?

16.     Do you contend that the Plaintiff contributed to the accident at issue?  If so, please state all reasons for this contention.

17.     State the number and provider for your mobile phone at the time of the accident made the basis of the Complaint in this matter.

18.     Provide the account, username, and password for any social media site for which you are a member, including but not limited to: Facebook, Twitter, Flickr, Yfrog, Picasa, MySpace, Google Plus, Youtube, Photobucket, Foursquare, Blogger, Plaxo, Orkut, and LinkedIn.

19.     Please state the name of any persons you have spoken to at Ryder and state the substance of all conversations.

_/s/ Craig L. Lowell_
Craig L. Lowell (LOW 020)
Attorney for Plaintiffs

**OF COUNSEL**
WIGGINS, CHILDS, PANTAZIS, FISHER & GOLDFARB, LLC
The Kress Building
301 Nineteenth Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0500
Facsimile: (205) 254-1500

Archie Lamb
Archie Lamb & Associates
Post Office Box
Birmingham, Alabama   35201

**PLEASE SERVE WITH THE COMPLAINT**

[032099-0001/1873970/1]

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | |
|---|---|
| **GEORGE MENSAH** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **WILLIAM J. SMITH, and RYDER** | ) |
| **TRUCK RENTAL, INC.** | ) |
| | ) |
| **Defendants.** | ) |

## PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WILLIAM J. SMITH

COMES NOW the Plaintiff pursuant to Alabama Rule of Civil Procedure 34 and hereby requests the Defendant, William J. Smith, to produce the following documents or things within the time allowed by ARCP 34 (b)(1)(B).

(A)    These discovery requests are continuing in character so as to require you to file supplementary answers if you obtain additional or different information before trial.

(B)    If after conducting a reasonable investigation you cannot answer an Interrogatory, you should so state and answer to the extent that you can, stating what information you do have, what information you cannot provide and stating the efforts to locate and obtain the unknown information.

## DEFINITIONS

For the purposes of this Request for Production and as used herein, unless otherwise specified, the following words shall have, and be construed with reference to, the following meanings and definitions:

1.    "Identify" when used in reference to a natural person shall mean to state his or her full name and current or last known residence address, current employer, and current business

address; when used with respect to a document (as hereinafter defined) "identify" means to state the date, subject or substance, author, all recipients, type of document (e.g., letter, telegram, memorandum, computer printout, sound reproduction, chart, etc.), its present location, and the identity of each of its current custodians, and shall include documents (a) with respect to which a privilege is, or may be, claimed and (b) documents which have been destroyed, lost, misplaced or damaged.

2.      "Document" and "documents" shall mean all documents subject to discovery under the Alabama Rules of Civil Procedure, and shall include, without limitation, every original and non-identical copy of each and every paper, document (including blind copies), letter, telegram, teletype, telex, telecopy facsimile transmission, drawing, picture, photograph, negative, slide, movie, film, visual or audio transcription or record, memorandum, sketch, chart, report, note (including, but not limited to, notes used to prepare any letter, memorandum, report, or other document as herein defined), contract, agreement, change order, form, work sheet, memorandum or tape recording of telephone conversation or other conversation, witness (including, but not limited to, potential witness) interview, sound recording, sound recording transcription, engineering study, cross-section, plan, expert analysis, diary, journal, ledger, work memorandum, report of investigation and/or inspection, file memorandum, brochure, book, microfilm, tape, video tape, magnetic storage medium, exhibit, attachment, draft, certificate, chart, table, testimony, transcript of testimony, affidavit, printed or readable material, and any and all other means of storage and/or transmission of human intelligence.

3.      "Correspondence" shall mean any document carried by the United States Mail, the United States Postal Service, any private courier or courier service, or transferred or transmitted in any manner whatsoever.

[032099-0001/1873971/1]

4.      "You" or "your" shall mean any named Defendant, any fictitious Defendant and/or its affiliates, subsidiaries, its present or future officers, directors, agents, employees, and any other persons acting or purporting to act for or on its or its parents', affiliates' or subsidiaries behalf.

5.      Person" or "individual" includes individuals, corporations, firms, sole proprietorships, partnerships, associations, trusts and governmental agencies, bodies and officials.

6.      "Facts" include, but are not limited to, events, transactions, and occurrences, the locations of such events, transactions, or occurrences, all of which concern (as hereinabove defined), or are concerned with, in any way whatsoever, directly or indirectly, the interrogatory subject.

7.      "Incident" shall mean the facts and circumstances giving rise to the allegations made the basis of this lawsuit.

8.      "Plaintiff" shall mean any named Plaintiffs.

9.      "On-board data recording device" shall mean any engine data recording device, electronic control module or unit(ECM/ECU), traditional or computerized tachograph, radar collision warning system, transponder, log management system, paperless log system, electronic logbook management system, data logging or any other similar type system used to compile data.

## **REQUESTS FOR PRODUCTION**

1.      All documents identified in your answers to Interrogatories.

2.      Produce for inspection and copying any and all documents pertaining to any expert employed on your behalf in the lawsuit. Produce for inspection and copying said expert's entire file relating to the above-captioned case, including, but not limited to, any and all records,

handwritten notes, calculations, results of research and investigation, records, reports, correspondence, memoranda, questionnaires, testing and testing results, photographs, video tapes, diagrams, charts, bills rendered and statements of charges, as well as any and all other materials in his possession pertaining to his evaluation of the incident made the basis of the lawsuit.

3.     Produce for inspection and copying any accident report created related to any traffic accident you have been involved in within the last 10 years.

4.     Produce for inspection and copying any records of current automobile insurance policies you hold, along with any automobile insurance claims you have filed within the last 10 years.

5.     Produce for inspection and copying any and all photographs taken or made by you or on your behalf, or in your possession, relating to the incident made the basis of the lawsuit.

6.     Produce for inspection and copying any and all valid driver's licenses that you possess.

7.     Produce for inspection and copying a list of any and all persons from whom written or oral statements have been taken by you or on your behalf. Plaintiff is not asking that you produce documents that were prepared in anticipation of litigation or would possibly be subject to claims of work-product privilege. Since no such documents are requested, such objections would not apply.

8.     Produce for inspection and copying any and all documents generated or used by you as a result of the wreck made the basis of the lawsuit. This request includes, but is not limited to, accident packages, pictures, witness statement forms, driver statement forms, waiver

of liability forms, accident and incident forms, or any other documents created by the driver involved in the incident made the basis of the lawsuit.

9.      Produce for inspection and copying any and all documents generated or used by on-board data recording devices.

10.     Produce for inspection and copying any and all photographs, drawings, and diagrams of the scene and vehicles involved in the collision.

11.     Produce for inspection and copying any and all wrecker or tow truck records.

12.     Produce for inspection and copying the registration and title to your vehicle.

13.     Produce for inspection and copying any and all signed or unsigned statements of any kind or character taken by you or on your behalf from any plaintiff.

14.     Produce for inspection and copying any and all exhibits, documents, articles or things that you intend to offer or use in the trial of this case to demonstrate, illustrate, aid or assist the testimony of any witnesses, including models or facsimiles or subjects or articles.

15.     All electronically stored information on any social media site for which you have a username or are a member, including but not limited to: Facebook, Twitter, Flickr, Yfrog, Picasa, MySpace, Google Plus, Youtube, Photobucket, Foursquare, Blogger, Plaxo, Orkut, and LinkedIn. For each applicable media site please produce the following:

   a.   All photographs, wall posts, tweets and messages;

   b.   For Facebook, please produce an "enhanced archive" copy of your Facebook data.

        **<u>*Note</u>:** Instructions on how to download an enhanced archive copy of Facebook data is attached as Exhibit A.

16.     Produce the entire insurance file for the incident made the basis of this lawsuit.

17.     Produce a copy of your mobile telephone records from twenty-four (24) hours

prior to the accident, through the time of the accident made the basis of this lawsuit.

18.     Please produce all agreements with Ryder for the vehicle you were driving.

19.     Please produce all correspondence you have had with Ryder.

/s/ Craig L. Lowell
Craig L. Lowell (LOW 020)
Attorney for Plaintiffs

**OF COUNSEL**
WIGGINS, CHILDS, PANTAZIS, FISHER & GOLDFARB, LLC
The Kress Building
301 Nineteenth Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0500
Facsimile: (205) 254-1500
**PLEASE SERVE WITH THE COMPLAINT**

[032099-0001/1873971/1]

DOCUMENT 6



AlaFile E-Notice

01-CV-2017-900820.00

To:   CRAIG LYNDSEY LOWELL
      clowell@wigginschilds.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GEROGE MENSAH V. WILLIAM J SMITH ET AL
01-CV-2017-900820.00

The following alias summons was FILED on 3/8/2017 2:54:10 PM

Notice Date:      3/8/2017 2:54:10 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-900820.00

To:   WILLIAM J SMITH
      2090 HASSELL ROAD
      APT. 305
      HOFFMAN ESTATE, IL, 60169

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GEROGE MENSAH V. WILLIAM J SMITH ET AL
01-CV-2017-900820.00

The following alias summons was FILED on 3/8/2017 2:54:10 PM

Notice Date:      3/8/2017 2:54:10 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

| State of Alabama<br><br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>01-CV-2017-900820.00 |
|---|---|---|

IN THE CIRCUIT COURT OF JEFFERSON COUNTY
GEROGE MENSAH V. WILLIAM J SMITH ET AL

WILLIAM J SMITH, 2090 HASSELL ROAD APT. 305, HOFFMAN ESTATE, IL 60169

NOTICE TO _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY CRAIG LYNDSEY LOWELL

WHOSE ADDRESS IS 301 19TH STREET NORTH, BIRMINGHAM, AL 35203

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☑ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☐ Service by certified mail of this summons is initiated upon the written request of _____

pursuant to the Alabama Rules of the Civil Procedure

Date   3/8/2017 2:54:10 PM     /s/ ANNE-MARIE ADAMS

Clerk/Register

JEFFERSON COUNTY, ALABAMA

716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL 35203

☐ Certified Mail is hereby requested     _____

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

(Date)

_____
Date

_____
Server's Signature

_____
Address of Server

_____
Type of Server

_____
Server's Printed Name

_____
Phone Number of Server

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   RYDER TRUCK RENTAL

   C/O CORPORATE CREATIONS

   6 OFFICE PARK CIRCLE #100

   MOUNTAIN BROOK, AL 35223



CV2017 900820 S/C DS

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9402 2179 6193 7047 57

2. Article Number *(Transfer from service label)*

   7016 0340 0000 7821 8128

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____   ☐ Agent
                    ☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery

Julie Bickner                      3-5-17

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Adult Signature
   ☐ Adult Signature Restricted Delivery
   ☒ Certified Mail®
   ☐ Certified Mail Restricted Delivery
   ☐ Collect on Delivery
   ☐ Collect on Delivery Restricted Delivery
   ☐ ___ Mail
   ☐ ___ Mail Restricted Delivery
      (___0)

   ☐ Priority Mail Express®
   ☐ Registered Mail™
   ☐ Registered Mail Restricted Delivery
   ☒ Return Receipt for Merchandise
   ☐ Signature Confirmation™
   ☐ Signature Confirmation Restricted Delivery

PS Form **3811**, July 2015 PSN 7530-02-000-9053     Domestic Return Receipt



USPS TRACKING#

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 2374 6193 7047 57

United States
Postal Service

* Sender: Please print your name, address, and ZIP+4® in this box*

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

MAR 14 2017

ANNE-MARIE ADAMS
CLERK

ANNE-MARIE ADAMS, CLERK
ROOM 400 JEFF. CO. COURTHOUSE
716 RICHARD ARRINGTON JR BLVD. NO.
BIRMINGHAM, ALABAMA 35203



AlaFile E-Notice

01-CV-2017-900820.00

Judge: ROBERT S. VANCE

To:  LOWELL CRAIG LINDSEY
     clowell@wigginschilds.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

GEROGE MENSAH V. WILLIAM J SMITH ET AL
01-CV-2017-900820.00

The following matter was served on 3/9/2017

**D002 RYDER TRUCK RENTAL**
**Corresponding To**
CERTIFIED MAIL
S/C

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov